UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUANITA E. GUYTON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:26-cv-00080 |
| KLARNA, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

### COMPLAINT

NOW comes JUANITA E. GUYTON ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of KLARNA, INC. ("Defendant"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Electronic Fund Transfers Act ("EFTA") under 15 U.S.C. § 1693 *et seq.*, the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.* as well as for Conversion, stemming from Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Elk Grove Village, Illinois.

5. Defendant is engaged in the business of offering consumer financial and lending services, specifically "buy now, pay later" financing options to consumers across the country, including consumers located in the state of Illinois. Defendant is a limited liability company organized under the laws of the state of Delaware with its principal office located at 800 North High Street, Suite 04-121, 4th Floor, Columbus, Ohio, 43215.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. Prior to the conduct giving raise to these claims, Plaintiff obtained a Klarna-branded debit card from Defendant for personal, household and family purposes.

8. Prior to the conduct giving rise to these claims, Plaintiff had authorized Defendant to debit her bank account by way of obtaining the Klarna-branded debit card.

9. Plaintiff attempted to use her card to finance the purchase of a couch on or about November 17, 2025.

10. The terms of the installment payments indicated that Plaintiff would pay $38 per week for the purchase.

11. However, Defendant immediately took $130 in debit from Plaintiff's bank account, rather than the $38 as agreed.

12. Realizing that Defendant was attempting to take more than agreed, Plaintiff attempted to cancel the purchase without success.

13. Plaintiff attempted to dispute the charge with Defendant that day, whose agents largely were rude, dismissive, and refused to assist.

14. Plaintiff, no longer desiring the good at issue, indicated again that she wanted a refund of the debit withdrawn from her bank account.

15. Defendant's agents refused to do so, instead applying refunds to her account with Defendant, meaning that the funds were in practice now bound to purchases made through Defendant, again depriving Plaintiff of money that was rightfully hers.

16. Frustrated, distressed, and concerned at Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in expenses.

17. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: emotional distress stemming from Defendant's deceitful misappropriation of her funds, pecuniary loss arising from Defendant's unlawful and unauthorized taking of said funds, aggravation in attempting to rectify the situation, violations of her federally-protected interest in avoiding unauthorized electronic transfers of her money, and violations of her federal and state-protected interests in being free from unlawful business practices.

### COUNT I – VIOLATIONS OF THE ELECTRONIC FUND TRANSFERS ACT

19. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(6).

21. The checking account Defendant withdrew funds from is an "account" as defined by 15 U.S.C. § 1693a(2), as it is a demand deposit account established primarily for personal, family, or household purposes.

22. The relevant transactions affecting Plaintiff's checking account were "electronic fund transfer[s]" as defined by 15 U.S.C. § 1693a(7), as they were transfers of funds initiated through electronic terminal, telephonic instrument or computer that ordered, instructed, or authorized a financial institution to debit or credit an account.

23. The relevant transactions affecting Plaintiff's checking account were further "error[s]" as defined by 15 U.S.C. § 1693f(f)(2), as they were an incorrect electronic fund transfer from or to the consumer's account, namely, in an incorrect amount.

24. Defendant is a "financial institution" as defined by 15 U.S.C. § 1693a(9), as it is a "person who directly or indirectly hold an account belonging to a consumer".

    a. **Violations of 15 U.S.C § 1693f *et seq.***

25. The EFTA, pursuant to 15 U.S.C. § 1693f(a), provides that a "financial institution, within sixty days after having transmitted to a consumer documentation pursuant to 15 USCS § 1693d(a), (c), or (d), […] receives oral or written notice in which the consumer sets forth or otherwise enables the financial institution to identify the name and account number of the consumer, indicates the consumer's belief that […] the consumer's account contains an error and the amount of such error, and sets for the reasons for the consumer's belief (where applicable) that an error has occurred, the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within 10 business days."

26. Pursuant to 15 U.S.C. § 1693f(d), where a financial institution determines after investigation that an error did not occur, it "shall deliver or mail to the consumer an explanation of its findings within 3 business days after the conclusion of its investigation, and upon request of the consumer promptly deliver or mail to the consumer reproductions of all documents which the financial institution relied on to conclude that such error did not occur. The financial institution shall include notice of the right to request reproductions with the explanation of its findings."

27. Defendant violated 15 U.S.C. § 1693f through its failure to investigate Plaintiff's dispute in a reasonable manner. Defendant did not fully investigate Plaintiff's dispute, and verified that the transfers were not errors without providing documentation in support. Defendant's failure to reasonably investigate is clear given the fact that it failed to reverse the transfer, despite the obvious discrepancy between Plaintiff's initial payment and the amount she was supposed to pay each week. Furthermore, Defendant failed to provide Plaintiff with a report of the results of its investigation, nor did it provisionally recredit her debit account as required. Instead, it provided Plaintiff credit on its website, rather than return her funds properly.

28. Plaintiff suffered concrete and particularized harm as a result of Defendant's violations of the EFTA. The stated purposes of the EFTA, found at 15 USCS § 1693, are to provide for individual consumer rights. Defendant's failure to investigate the overcharging of Plaintiff's debit account, caused her to lose funds rightfully placed in her checking account, and denied Plaintiff's EFTA-protected right to control the transfers out of her account.

WHEREFORE, Plaintiff, JUANITA E. GUYTON, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to 15 USCS § 1693m(a)(1);

    c. Awarding Plaintiff statutory damages of up to $1,000 pursuant to 15 USCS § 1693m(a)(2);

    d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to 15 USCS § 1693m(a)(3); and,

    e. Awarding any other relief the Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ILLINOIS<br>CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

31. Defendant's maintenance of buy-now-pay later services and debit card services to Plaintiff constitute "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

32. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

33. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in failing to investigate Plaintiff's disputes. Defendant clearly did not reasonably investigate Plaintiff's disputes, as it missed or otherwise ignored several obvious discrepancies, including a discrepancy between the amount Plaintiff was agreeing to pay weekly and the amount initially taken out of her account.

6

34. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

35. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

36. Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant continued to retain the amount it had debited from Plaintiff's account, instead recrediting her within its online services rather than returning funds to her bank account. Upon information and belief, Defendant engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, JUANITA E. GUYTON, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as the Honorable Court deems just and appropriate.

## COUNT III-CONVERSION

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

7

38. A common-law conversion is "any unauthorized act, which deprives a man of his property permanently or for an indefinite time." *In re Thebus,* 108 Ill. 2d 255, 260 (1985). Further, "[m]oney may be the subject of conversion, but it must be capable of being described as a specific chattel, although it is not necessary for purposes of identification that money should be specifically earmarked." *Id.*

39. Defendant engaged in conversion of $130.00 of Plaintiff's funds rightfully deposited in Plaintiff's checking account when it took said funds despite Plaintiff's agreement specifying no more than $38 would be paid weekly. Plaintiff had a legal interest and right to the funds she maintained in her own checking account, and had not authorized Defendant to take sums in that amount. Regardless, Defendant illegally took control of said funds without permission, and did not return them despite Plaintiff's requests.

WHEREFORE, Plaintiff, JUANITA E. GUYTON, respectfully requests that this Honorable Court enter judgement in her favor as follows:

a. Declaring that the practices complained of herein are unlawful;

b. Enter judgement in favor of Plaintiff and against Defendant;

c. Award Plaintiff economic damages in an amount to be determined at hearing;

d. Award Plaintiff exemplary damages in an amount to be determined at hearing;

e. Enjoining Defendant from contacting Plaintiff; and

f. Award any other relief the Honorable Court deems equitable and just.

Dated: January 5, 2026   Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200

8

Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com